IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| JUAN RAMON HERNANDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. GLS-25-01528 |
| | ) |
| OLNEY ENTERPRISES, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION GRANTING THE PARTIES'
JOINT MOTION TO APPROVE FLSA SETTLEMENT AGREEMENT**

On May 12, 2025, Plaintiff Juan Ramon Hernandez filed suit in this Court against Defendants Olney Enterprises, Inc. and Muhammad Usman (collectively, "Defendants") alleging violations of the following laws: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code. Ann., Labor & Empl. §§ 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.* (ECF No. 1). Defendants responded to the Complaint. (ECF No. 6). On August 27, 2025, the case was referred to the undersigned by the Hon. Paula Xinis for all further proceedings pursuant to 28 U.S.C. § 636(c). (ECF No. 12).

On January 22, 2026, a "Joint Motion for Judicial Approval of FLSA Settlement and to Retain Jurisdiction over the Case to Enforce Terms of Settlement," ("Joint Motion"), (ECF No. 21), was filed by the Plaintiff and the Defendants (hereinafter, collectively referred to as "the parties"). Attached in support thereto are the following documents: (a) "Settlement Agreement and Mutual Release" ("Agreement"); (2) a "Confessed Judgment;" and (c) billing records related to Plaintiff's attorneys' fees. (ECF Nos. 21-1, 21-2). The Agreement and Confessed Judgment are signed by the parties. (ECF No. 21-1, pp. 11-15).

The undersigned has considered the Joint Motion and the attachments thereto. As set forth herein, the Court finds that the settlement amount and terms, including the payments to Plaintiff and to the attorneys for their fees, are fair and reasonable given the facts of this case. Accordingly, the Joint Motion is granted.

## I. DISCUSSION

The Agreement releases and discharges "all controversies of any nature whatsoever between Plaintiff and Defendants […]." (ECF No. 21-1, p. 6). The total amount of the settlement is $34,000.00[1] further broken down as follows: (a) $18,000 payable to Plaintiff; and (b) $16,000 payable to Plaintiff's attorneys for their fees and costs. (ECF No. 21-1, p. 2).

### A. Background on the FLSA, *Bona Fide* Dispute, Fairness and Reasonableness

Congress enacted the FLSA to protect workers from receiving subminimum wages and/or working overtime hours without pay, which could result from the unequal bargaining power that frequently exists between employers and employees. *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 116 (1946); *Chao v. Gotham Registry, Inc.*, 514 F.3d 280 (2nd Cir. 2008). Thus, the FLSA's provisions are mandatory and generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).

Two exceptions to the rule against settlement or compromise have evolved by statute and caselaw i.e., FLSA rights can be waived with: (a) the supervision of the U.S. Department of Labor; or (b) judicial approval of the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

---

[1] There is a detailed payment schedule. The first payment is due in the amount of $19,000.00. The next six payments are equal payments in the amount of $2,500 per month. (*See* ECF No. 21-1, pp. 2-4). In addition, the parties have executed a confessed judgment should the Defendants fail to abide by the terms of the Agreement. (*See* ECF No. 21-1, pp. 4-5).

Although the Fourth Circuit has not addressed the factors to be considered in approving FLSA settlements, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Saman v. LBDP, Inc.*, Civ. No. DKC-12-1083, 2013 WL 2949047, at *1, 2 (D. Md. June 13, 2013); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010)). The settlement must "reflect[] a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions," which includes findings with regard to: (1) whether there are FLSA issues actually in dispute; (2) the fairness and reasonableness of the settlement in light of the relevant factors, including, where applicable, Fed. R. Civ. P. 23 factors; and (3) the reasonableness of the attorneys' fees, if included in the agreement. *Saman*, *supra*, at *3-4*. (citing *Lynn's Food Stores*, 679 F.2d at 1355); *Lomascolo v. Parsons Brinckerhoff, Inc.*, Civ. No. 08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko-Me, LLC*, Civ. No. DKC-10-2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011))(emphasis supplied).

### B.  *Bona Fide* Dispute

The Court's determination is grounded in its review of the pleadings and representations in the proposed settlement agreement. *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 411 (D. Md. 2014, 30 F. Supp. 3d at 408 (citing *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310 (AJT/JFA), 2009 WL 3094955, at *1, 16–17 (E.D. Va. 2009)). In the Joint Motion, the parties represent that a dispute exists about whether the Defendants violated federal and state law, and assert that their respective positions are strongly supported by the facts and the law. (ECF No. 21, pp. 3-4).

### C.  Fairness & Reasonableness

The Court considers several factors in determining the reasonableness and fairness of an FLSA settlement agreement: (1) the extent of discovery; (2) the stage of the proceedings, including

3

the complexity, expense, and foreseeable duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object;  and (6) the probability of the plaintiffs' success on the merits.  *Yanes v. ACCEL Heating & Cooling, LLC*, Civ. No. PX-16-2573, 2017 WL 915006, at *2 (D. Md. Mar. 8, 2017) (citing *Lomascolo*, 2009 WL 3094955, at *10).

Regarding the first factor, scheduling orders were entered in this case. (ECF Nos. 8, 17, 19). On December 9, 2025, per the parties' request, the Court issued its "Second Amended Scheduling Order" deferring expert discovery so as to allow the parties to focus on the exchange of fact discovery in order to finalize their settlement negotiations. (*See* ECF Nos. 18, 19). Although discovery was not completed, the parties exchanged "copious records." (*See* ECF No. 21, p. 5).

Regarding the second factor, the parties represent in their Joint Motion that they negotiated this resolution:

> "[…] to avoid the unnecessary accumulation of litigation costs and attorneys' fees. This settlement is the product of good faith bargaining between the parties, absent any fraud or collusion, with the advice of competent legal counsel on both sides. Given the uncertainty of the availability of actual and liquidated damages under FLSA, the amount payable to Plaintiff represents a fair and reasonable settlement of his FLSA claims."

(ECF No. 21, pp. 5-6).

With respect to the third factor, the Court does not have any evidence of fraud or collusion in the settlement. Regarding the fourth factor, the parties are represented by counsel who are experienced in FLSA matters, specifically in wage-and-hour litigation.  (ECF No. 21, p. 5).  The fifth factor is not relevant here, given that the case only involves a single individual and not a class action. *Lomascolo*, 2009 WL 3094955, at *10.

4

Regarding the sixth factor, the parties agree that the settlement amount, which includes attorneys' fees and costs, "reflects the risk associated with proceeding to trial" and the "possibility Defendants may prevail on the good faith defense […]." (ECF No. 21, p. 5).

**D. Attorneys' Fees and Costs**

A plaintiff who prevails on an FLSA claim is entitled to the payment of attorney's fees and costs. 29 U.S.C. § 216(b);[2] *see also Randolph v. Powercomm Construction, Inc.*, No. 16-3270, 2017 WL 5032476, at **1, 2 (4th Cir. Oct. 31, 2017). The amount awarded for fees and costs is discretionary. *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984); s*ee also Randolph v. Powercomm Construction, Inc.*, 715 Fed. App'x 227, 230 (4th Cir. 2017).

To calculate the amount to be awarded in attorneys' fees, a court must determine what is reasonable. *Hensley v. Eckerhart et al.*, 461 U.S. 424, 433 (1983). To do so, courts engage in a three-step process. First, a court must calculate the lodestar, which is "the number of reasonable hours expended [multiplied by] a reasonable [hourly] rate." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). To determine whether the hours and rates are reasonable, the Fourth Circuit has held that a court's discretion should be guided by the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). The twelve factors ("*Johnson* factors") are:

> (1) the time and labor expended;
> (2) the novelty and difficulty of the questions raised;
> (3) the skill required to properly perform the legal services rendered;
> (4) the attorney's opportunity costs in pressing the instant litigation;
> (5) the customary fee for like work;
> (6) the attorney's expectations at the outset of the litigation;
> (7) the time limitations imposed by the client or circumstances;
> (8) the amount in controversy and the results obtained;
> (9) the experience, reputation, and ability of the attorney;
> (10) the undesirability of the case within the legal community in

---

[2] In an FLSA action, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

    which the suit arose;
    (11) the nature and length of the professional relationship between
    attorney and client; and
    (12) attorneys' fees awards in similar cases.

*McAfee*, 738 F.3d at 88, n.5.

   *1. Hourly Rates*

  In this District, courts often begin their analysis with the "United States District Court for the District of Maryland: Local Rules, Appendix B, Rules and Guidelines for Determining Attorneys' Fees in Certain Cases" ("the Guidelines" or "Loc. R. App. B"). The Fourth Circuit has recently held that a court "may consider, but is not bound by" the Guidelines when determining whether an hourly rate is reasonable. *De Paredes v. Zen Nails Studio, LLC,* 134 F.4th 750, 754 (4th Cir. 2025)(citing *Newport News Shipbuilding & Dry Dock Co. v. Holiday*, 591 F.3d 219, 229 (4th Cir. 2009)). Thus, when a court is faced with a fee petition and is determining whether a fee rate is "reasonable," it may not treat the Guidelines as "'presumptively reasonable' and require special justification to deviate from [them]." *De Paredes*, 134 F.4th at 754 (further citations omitted). Rather, a court "must consider all relevant evidence to determine 'the prevailing market rates in the relevant community'. . . including lawyer affidavits, fee awards in similar cases, general surveys, fee matrices, and even its 'own personal knowledge.'" *De Paredes*, 134 F.4th at 754 (further citations omitted).

  In December 2025, the Guidelines were revised such that they no longer contain a detailed matrix on suggested hourly rates. *See* Loc. R. App. B. 3. (D. Md., Dec. 1, 2025). Instead, a court should determine a reasonable hourly rate by "using declarations, affidavits, stipulations by the parties, or other evidence." (*Id.*). Relatedly, there is now a reference to the Fitzpatrick Matrix,[3] suggesting that it might be a "useful guideline for hourly rates," and the notion that a court

---

[3] The Fitzpatrick Matrix is available at https://www.mdd.uscourts.gov/sites/mdd/files/fitzpatrick-matrix.pdf.

may apply a 5-20% reduction to reflect the difference between hourly rates in the legal markets for Washington, D.C. and Maryland. *Id.* That being said, the Guidelines also make clear that the factors identified in pertinent caselaw still govern, and that a court should determine a reasonable fee award "in accordance with relevant case law." *Id.*

As set forth above, the Agreement provides for attorneys' fees and costs in the amount of $16,000.00. (ECF No. 21-1, p. 2). Plaintiff's counsel calculated their fees by first determining their loadstar amount of $17,098.00, having "exercised billing judgment" by reducing their fees by $692.50, and then further voluntarily reduced their fees by "approximately 10 percent of the lodestar" to the amount of $15,338.60. (ECF No. 21, p. 7). In support of its request for attorneys' fees, Plaintiff's counsel provided a spreadsheet of their billing records. (ECF No. 21-2). In addition, according to the Joint Motion, the hourly billing rates are as follows:

| Timekeeper | Hourly Rate |
|---|---|
| Omar Vincent Melehy | $695.00 |
| Suvita Melehy | $645.00 |
| Andrew Balashov | $465.00 |
| Paralegals/Law Clerks | $245.00 |

(ECF No. 21, p. 7).

The Court first finds that the Joint Motion and the billing records do not identify how long any of the attorneys have been practicing law. The Court further notes that even the Fitzpatrick Matrix references the number of years of legal experience of an attorney petitioner.[4] However, for this one instance, and in the interest of expediency in ensuring that Plaintiff is promptly paid, the Court exercised its discretion and used its knowledge of the petitioning attorneys' years of legal experience, which is gleaned from recent filings.[5] Mr. Melehy has been practicing law for

---

[4] *See* n.3, *supra*. In the future, counsel shall include their number of years of legal experience or risk a denial of any motion seeking attorney's fees.

[5] The Court's understanding is that Mr. Melehy has at least 38 years of experience, Ms. Melehy has at least 29 years of experience, and Mr. Balashov has at least 9 years of experience. *See, e.g., Sparks v. Black Diamond Restaurant,*

more than 38 years and charges an hourly rate in the amount of $695.00 per hour. Mr. Melehy's hourly rate falls within the corresponding rate of $933.00 per hour according to the Fitzpatrick Matrix for Washington, D.C. (*See* Fitzpatrick Matrix, p. 1). Were the undersigned to apply a reduction of 20% to reflect the difference between hourly rates for Washington, D.C. and Maryland, Mr. Melehy's hourly rate of $695.00 per hour would still be $51.40 less than the corresponding hourly rate of $746.40.

The Court finds that Ms. Melehy has been practicing law for more than 29 years and charges an hourly rate in the amount of $645.00 per hour. Ms. Melehy's hourly rate falls within the corresponding rate of $915.00 per hour according to the Fitzpatrick Matrix for Washington, D.C. (*See* Fitzpatrick Matrix, p. 1). Were the undersigned to apply a reduction of 20% to reflect the difference between hourly rates for Washington, D.C. and Maryland, Ms. Melehy's hourly rate of $645.00 per hour would still be $87.00 less than the corresponding hourly rate of $732.00.

The Court finds that Mr. Balashov has been practicing law for more than 9 years and charges an hourly rate in the amount of $465.00 per hour. Mr. Balashov's hourly rate falls within the corresponding rate of $707.00 per hour according to the Fitzpatrick Matrix for Washington, D.C. (*See* Fitzpatrick Matrix, p. 1). Were the undersigned to apply a reduction of 20% to reflect the difference between hourly rates for Washington, D.C. and Maryland, Mr. Balashov's hourly rate of $465.00 per hour would still be $100.60 less than the corresponding hourly rate of $565.60.

As it relates to the paralegals/law clerks, the Court finds that they billed an hourly rate in the amount of $245.00 per hour. That hourly rate falls within the corresponding rate of $255.00 per hour according to the Fitzpatrick Matrix for Washington, D.C. (*See* Fitzpatrick Matrix, p. 1). Were the undersigned to apply a reduction of 5% to reflect the difference between hourly rates for

---

*LLC*, Civ. No. TDC-24-353, 2025 WL 3294695, at *3-4 (D. Md. Nov. 26, 2025), *report and recommendation adopted*, 2025 WL 4066510, at *1 (D. Md. Dec. 19, 2025).

Washington, D.C. and Maryland, the paralegals'/law clerks' hourly rate of $245.00 per hour would exceed the corresponding hourly rate of $242.25 by $2.75. The Court has evaluated the particular factual circumstances of this case and has analyzed *De Paredes* and finds the hourly rates sought for the attorneys and paralegals/law clerks to be reasonable.

### 2. Hours Expended

The Court next analyzes the hours expended to determine if they are reasonable. According to the Joint Motion, Plaintiff's counsel (including their paralegals/law clerks) expended a total of 39.40 hourly working on this case: attorneys expended 22.7 hours, and the paralegals/law clerks expended 16.7 hours. (*See* ECF Nos. 21, p. 7; 21-2). The parties assert that Plaintiff's counsel "engaged in rigorous factual investigation of the Plaintiff's claims," drafted the Complaint, engaged in written discovery, reviewed documents, met and conferred with opposing counsel, and "engaged in prolonged and arms-length settlement negotiations with Defendants' counsel which ultimately led to the resolution of this case." (ECF No. 21, pp. 7-8). The Court finds the hours expended to be reasonable given all of the evidence before it. Moreover, the total amount of attorneys' fees sought does not exceed the amount that the Plaintiff is being paid. In sum, the amount sought is reasonable.

### 3. Costs

Finally, the Joint Motion also lists costs in the amount of $661.40. (ECF No. 21, p. 6). Even though there was no documentation provided that identifies the origin of the costs, per the Agreement, the parties have agreed that this is reasonable. (*See* ECF Nos. 21, p. 7; 21-1, p. 2).Thus, the Court will exercise its discretion and award this modest amount in costs.[6]

---

[6] Counsel is reminded that, in the future, they must provide documentation to support their fees. *See generally* United States District Court for the District of Maryland: Guidelines for Bills of Costs. (D. Md. 2022).

### E. Retention of Jurisdiction

In the Joint Motion, the parties request that the Court "retain jurisdiction over this matter to enforce the terms of the Parties' settlement agreement." (*See* ECF Nos. 21, p. 8; 21-1, p. 10). Because the parties have signed a confessed judgment, *see* ECF No. 21-1, pp. 13-15, the Court declines to keep this case open, as other judicial means remain available for the parties.[7] Relatedly, the Court finds that approximately six months from the date of the order approving the settlement all funds will be paid. (*See* ECF No. 21-1, p. 2). Accordingly, by separate order, the Court will dismiss this case without prejudice to the right of a party to move for good cause by no later than **August 3, 2026** to reopen this action if settlement is not fully consummated.

## II. CONCLUSION

In sum, the Court hereby grants the Joint Motion and approves the settlement between the parties, based on the following factual findings:

1.  The Parties have provided the Court with sufficient information to conclude that the settlement is fair and reasonable and is an equitable compromise of disputed facts and claims. In addition, the Settlement Agreement represents a fair and reasonable resolution of a *bona fide* dispute under the FLSA according to the factors that have been cited in other actions before the District Court.

2.  The Court finds that the settlement was the product of arms' length negotiations between Counsel for the Parties, who are experienced in the field of FLSA litigation.

3.  The attorneys' fees and costs to be paid under the Settlement Agreement are separately stated and Counsel has provided sufficient information to permit the Court to conclude

---

[7] Pursuant to Maryland law, a confessed judgment is a "device designed to facilitate collection of a debt." *Schlossberg v. Citizens Bank*, 341 Md. 650, 655, 672 A.2d 625, 627 (1996). Should there be a trigger event for Plaintiff to move forward on the confessed judgment, the Md. Rules provide a mechanism for Plaintiff to file an action. *See generally Sager v. Hous. Comm'n of Anne Arundel Cnty.*, 855 F. Supp. 2d 524, 552 (D. Md. 2012).

that the fees and costs represent reasonable amounts incurred due to reasonable hourly rates. The amount allocated for attorneys' fees and costs bears a reasonable relationship to the amount being paid to the Plaintiff under the Settlement Agreement.

      A separate Order follows.


Dated: February 3, 2026　　　　　　　　　　　          /s/
                                                        The Honorable Gina L. Simms
                                                        United States Magistrate Judge